IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SUMMERS,

    Plaintiff,

v.

MARIN COUNTY RECORDERS OFFICE,

    Defendant.

No. C-09-1485 MMC

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

    Before the Court are plaintiff's complaint and application to proceed in forma pauperis, both filed April 3, 2009. When a party seeks to proceed in forma pauperis, the district court is required to dismiss the case if the court determines the complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

    Here, plaintiff's complaint consists of an "Affidavit of Fact," in which plaintiff states that, on April 2, 2009, the "Marin County Recorders office" refused to "file" three documents plaintiff sought to have "filed" (see id. at unnumbered 12),[1] and a letter addressed to "Ms. Joan C. Thyer, County of Marin, Recording Dept.," in which plaintiff asserts that the "determination" not to "file" such documents "can be construed as a violation of Due Process" (see Compl. at unnumbered 8).

---

[1] Plaintiff refers to the documents as "Declaration of Rescission, Affidavit of and Deed of Trust Rescinded, and the County Recorder Challenge." (See Compl. at unnumbered 12.) Plaintiff has not provided copies of the documents.

1    Plaintiff's complaint is titled "Violation 18 U.S.C. 241 242 plus Affidavit," which
2 statutory reference the Court construes as a reference to 42 U.S.C. § 1983.[2]  Plaintiff,
3 however, has failed to indicate any life, liberty, or property interest implicated by the Marin
4 County Recorder's alleged failure to file the documents in question.  See Peloza v.
5 Capistrano Unified Sch. Dist., 37 F.3d 517, 523 (9th Cir. 1994) (holding "[t]o state a claim
6 under 42 U.S.C. § 1983 based on an alleged violation of due process, [a plaintiff] must
7 allege a deprivation of a life, liberty or property interest within the meaning of the
8 Fourteenth Amendment's Due Process  Clause").[3]

9    Accordingly, plaintiff's complaint is hereby DISMISSED, with leave to file, no later
10 than May 29, 2009, a First Amended Complaint curing the deficiencies noted.  If plaintiff
11 does not file a First Amended Complaint by the required date, the Court will dismiss the
12 action.

13    The Court will defer ruling on plaintiff's application to proceed in forma pauperis
14 pending plaintiff's filing of a First Amended Complaint, if any.

15   **IT IS SO ORDERED.**

17 Dated:  April 22, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] Sections 241 and 242 are criminal statutes entitled, respectively, "Conspiracy against rights" and "Deprivation of rights under color of law."  See 18 U.S.C. §§ 241, 242. Section 1983, by contrast, provides a civil cause of action for the deprivation, under color of state law, "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  See 42 U.S.C. § 1983.

[3] Plaintiff also refers, in the above-referenced letter, to "Revised Statutes of the United States" §§ 5403, 5407, and 5408, 18 U.S.C. § 2071, and California Government Code § 27201.  (See Compl. at unnumbered 3-6.)  The Revised Statutes of the United States is an outdated statutory compilation last published in 1878.  Section 2071 is a criminal statute and, consequently, is inapplicable herein.  Section 27201 is a state statute and, consequently, cannot provide a basis for subject matter jurisdiction herein.

2