IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SUMMERS,

    Plaintiff,

v.

MARIN COUNTY RECORDERS OFFICE,

    Defendant.

No. C-09-1485 MMC

**AMENDED* ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

    Before the Court are plaintiff's complaint and application to proceed in forma pauperis, both filed April 3, 2009. When a party seeks to proceed in forma pauperis, the district court is required to dismiss the case if the court determines the complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

    Here, plaintiff's complaint consists of an "Affidavit of Fact," in which plaintiff states that, on April 2, 2009, the "Marin County Recorders office" refused to "file" three

---

    *The sole amendment is to footnote 1, to reflect plaintiff's having filed the three declarations discussed therein. The Court notes, however, that plaintiff has violated Civil Local Rule 5-1(b) by failing to submit chambers copies of such declarations. See Civ. L.R. 5-1(b) (providing, for document filed manually, "[a]n extra copy of the document . . . , marked by counsel as the copy for 'Chambers,' must be submitted at the same time to the Office of the Clerk in the courthouse in which the chambers of the Judge to whom the action has been assigned are located"). Plaintiff is advised that if he fails in the future to comply with Civil Local Rule 5-1(b), the Court may impose sanctions, including, but not limited to, striking from the record any document of which a chambers copy has not been timely provided to the Court.

documents plaintiff sought to have "filed" (see id. at unnumbered 12), and a letter addressed to "Ms. Joan C. Thyer, County of Marin, Recording Dept.," in which plaintiff asserts that the "determination" not to "file" such documents "can be construed as a violation of Due Process" (see Compl. at unnumbered 8).[1]

Plaintiff's complaint is titled "Violation 18 U.S.C. 241 242 plus Affidavit," which statutory reference the Court construes as a reference to 42 U.S.C. § 1983.[2]  Plaintiff, however, has failed to indicate any life, liberty, or property interest implicated by the Marin County Recorder's alleged failure to file the documents in question.  See Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 523 (9th Cir. 1994) (holding "[t]o state a claim under 42 U.S.C. § 1983 based on an alleged violation of due process, [a plaintiff] must allege a deprivation of a life, liberty or property interest within the meaning of the Fourteenth Amendment's Due Process  Clause").[3]

Accordingly, plaintiff's complaint is hereby DISMISSED, with leave to file, no later than May 29, 2009, a First Amended Complaint curing the deficiencies noted.  If plaintiff does not file a First Amended Complaint by the required date, the Court will dismiss the action.

The Court will defer ruling on plaintiff's application to proceed in forma pauperis

---

[1] Plaintiff refers to the documents as "Declaration of Rescission, Affidavit of and Deed of Trust Rescinded, and the County Recorder Challenge."  (See Compl. at unnumbered 12.)  No such documents are attached to the complaint.  Although, on April 3, 2009, plaintiff filed, in three separate documents, three declarations "of [r]escission," it is not clear whether those declarations are the documents referenced in the complaint, nor is it apparent, either from the complaint or the documents themselves, how they are relevant to plaintiff's claim.

[2] Sections 241 and 242 are criminal statutes entitled, respectively, "Conspiracy against rights" and "Deprivation of rights under color of law."  See 18 U.S.C. §§ 241, 242.  Section 1983, by contrast, provides a civil cause of action for the deprivation, under color of state law, "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  See 42 U.S.C. § 1983.

[3] Plaintiff also refers, in the above-referenced letter, to "Revised Statutes of the United States" §§ 5403, 5407, and 5408, 18 U.S.C. § 2071, and California Government Code § 27201.  (See Compl. at unnumbered 3-6.)  The Revised Statutes of the United States is an outdated statutory compilation last published in 1878.  Section 2071 is a criminal statute and, consequently, is inapplicable herein.  Section 27201 is a state statute and, consequently, cannot provide a basis for subject matter jurisdiction herein.

pending plaintiff's filing of a First Amended Complaint, if any.

**IT IS SO ORDERED.**

Dated: April 22, 2009

_____
MAXINE M. CHESNEY
United States District Judge